NOT FOR PUBLICATION [28]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANKLIN GARDNER, | Civil Action No. 04-3561 (FLW) |
| Plaintiff, Pro Se, | |
| v. | **OPINION** |
| ROY HENDRICKS, | |
| Defendant. | |

APPEARANCES

For Plaintiff:

FRANKLIN GARDNER, PRO SE
PRISON #275610
SBI #383187C
NEW JERSEY STATE PRISON
PO BOX 861
TRENTON, NJ 08625

For Defendant:

SEAN M. GORMAN
OFFICE OF THE NJ ATTORNEY GENERAL
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625

**WOLFSON, United States District Judge**

Plaintiff pro se Franklin Gardner ("Plaintiff" or "Gardner"), an inmate at New Jersey State Prison ("NJSP") in Trenton, New Jersey, alleges that Defendant Roy L. Hendricks ("Defendant" or "Hendricks"), the former Administrator of NJSP, violated his constitutional

1

rights allowing correctional officers to extend Plaintiff's loss of recreation time beyond the thirty-day sanction he had received.  Defendant has filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment, pursuant to Fed. R. Civ. P. 56.  The issue before the Court is whether Plaintiff's constitutional claim is barred as a result of his failure to exhaust the administrative remedies available to him at NJSP before instituting this action. For the reasons set forth below, Defendant's motion is granted

I.      BACKGROUND

Plaintiff is an inmate incarcerated at NJSP currently serving a thirty-four year sentence. Affidavit of Sean S. Gorman, Esq., Deposition of Franklin Gardner ("Gardner Dep.") at 6:16-21. On June 16, 2003, Plaintiff violated New Jersey Administrative Code ("NJAC") 10A:4-4.1(a) *011 and was placed in NJSP's Administrative Segregation area for a 180-day period.  Affidavit of Brenda A. Smith, Ex. C, Prison Records of Franklin Gardner ("Smith Aff., Ex. C").  On October 3, 2003, Plaintiff violated NJAC regulation 10A:4-4.1(a) *202, which prohibits the possession of weapons by inmates. Id.  As punishment, pursuant to NJSP policy, Plaintiff lost his recreational privileges for thirty days. Id.  Plaintiff alleges that corrections officers extended his punishment by an extra month-and-a-half, which amounted to approximately two-and-a-half months of cell confinement.  Plaintiff's Complaint ("Compl.") ¶ 6.  Plaintiff sent a letter dated February 2, 2004 to NJSP Assistant Superintendent Knoll. Gardner Dep. Tr. at 23:23-25.  In the letter, Plaintiff complained that he had lost his recreational privileges for two-and-a-half months and stated that he had submitted an Administrative Remedy Form ("ARF") in regards to these alleged actions on January 23, 2004.  Compl. ¶ 6.  Plaintiff also sent a letter dated February 3, 2004 concerning the same matter to Defendant. Id.

On July 28, 2004, the Clerk of the Court received Plaintiff's Complaint alleging that Defendant violated his constitutional rights by allowing correctional officers to extend his punishment beyond the thirty-day sanction he had received.  Compl.  In the Complaint, Plaintiff seeks $80,000 in compensatory and punitive damages pursuant to 42 U.S.C. § 1983.  Id.  The Honorable Stanley R. Chesler,  United States District Judge, granted Plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. §1915 on September 17, 2004.  Plaintiff was denied pro bono counsel by the Honorable Tonianne Bongiovanni, United States Magistrate Judge, on November 15, 2004.   On February 8, 2005, Defendant filed a motion to dismiss or, in the alternative, for summary judgment.  Judge Chesler decided the motion by way of an Order dated April 22, 2005.  In the Order, found that Plaintiff stated a § 1983 claim by alleging that he submitted an ARF regarding his loss of recreation time.  Gardner v. Hendricks, 04-3561 (SRC), Order (Apr. 22, 2005) at 2.  He also denied summary judgment because he found that "Defendant's handwritten, unsigned copies of the Administrative Remedy claims which he alleges he wrote and sent to prison officials in January and February of 2004 are sufficient to create a genuine issue regarding the material fact of whether or not he properly submitted his Administrative Remedy claims."  Id. at 3.  In denying Defendant's motion, Judge Chesler also noted that while Brenda A. Smith of the New Jersey Department of Corrections had averred that she had attached to her affidavit "true and correct copies of all Administrative Remedy Forms filed by inmate Gardner at NJSP," Plaintiff[1] had provided the Court with copies of ARFs that he

---

[1]Judge Chesler's Order provides: "Defendant has also provided the Court with photographic copies of several other [ARFs] (unrelated to the claim in his complaint), which were not previously provided to the Court by the Defendant."  Clearly, Judge Chesler intended for his Order to provide:  "Plaintiff also provided the Court with photographic copies of several other [ARFs] (unrelated to the claim in his complaint), which were not previously provided to the

had completed that were not attached to the Smith affidavit.  Id. n.1.

On September 30, 2005, the State Defendant filed a motion to depose Plaintiff, which Judge Chesler granted on October 28, 2005.  On November 23, 2005, Deputy Attorneys General Thomas E. Kemble and Sean M. Gorman deposed the Plaintiff at NJSP.  After deposing Plaintiff, Defendant sought leave of the Court to file a dispositive motion in this matter, which was granted on December 15, 2005 by the Honorable Tonianne Bongiovanni, U.S.M.J.  Defendant filed the instant motion to dismiss, or in the alternative, for summary judgment on December 23, 2005.  On July 10, 2006, this matter was reassigned from Judge Chesler to this Court.

## II.   DISCUSSION

### A.   Standard

Defendant has framed his motion as a motion to dismiss pursuant to Rule 12(b)(6), or in the alternative, for summary judgment pursuant to Rule 56.  When making a determination under Rule 12(b)(6), the court cannot consider matters outside the pleadings.[2]  When, as here, both parties present extraneous material as part of their motion or opposition, this Court has the discretion to accept the extraneous material and convert the motion into one for summary judgment.  Fed. R. Civ. P. 12(b); Koernschild v. W.H. Streit, Inc., 834 F. Supp. 711, 713-14 (D.N.J. 1993); Rose v. Bartle, 871 F.2d 331, 339-40 (3d Cir. 1989); Wiley v. Hughes Capital Corp., 746 F. Supp. 1264 (D.N.J. 1990); Elysian Federal Savings v. First Interregional Equity, 713 F. Supp. 737, 740 (D.N.J. 1989); 5 Charles Wright & Arthur Miller, Federal Practice and

---

Court by the Defendant."

[2]This Court is obligated to construe pro se pleadings liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2004) ("[The Court will] apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name.").

Procedure § 1366 at 678 (West 1969 & Supp.1989).  Because the Court has relied on matters outside the pleadings, it will address the instant motion filed by Defendant as a motion for summary judgment.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To avoid summary judgment, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Celotex Corp., 477 U.S. at 324.  A genuine issue of material fact is one that will permit a reasonable jury to return a verdict for the nonmoving party.  Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986).  In evaluating the evidence, the Court must "view the inferences to be drawn from the underlying facts in the light most favorable to the [nonmoving] party."  Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002) (quoting Bartnicki v. Vopper, 200 F.3d 109, 114 (3d Cir. 1999)).  Conclusory allegations do not meet the nonmoving party's duty to set forth specific facts showing that a genuine issue of material fact exists and a reasonable factfinder could rule in its favor.  Ridgewood Bd. Of Ed. v. Stokley, 172 F.3d 238, 252 (3d Cir. 1999).

**B.    Exhaustion Under the Prison Litigation Reform Act**

In his motion for summary judgment, Defendant argues that Plaintiff's constitutional claim is barred because he failed to exhaust the administrative remedies available to him at NJSP before instituting this action.  The Prison Litigation Reform Act of 1996 ("PLRA") requires that a prisoner asserting claims under 42 U.S.C. § 1983 first exhaust all administrative remedies

5

available to him.  See 42 U.S.C. § 1997(a).  Specifically, § 1997(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Exhaustion is mandatory, and prisoners must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief available through the grievance process.  See Woodford v. Ngo, 126 S. Ct. 2378, 2382-83 (U.S. 2006); Porter v. Nussle, 534 U.S. 516, 532 (2002); Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).

Furthermore, the PLRA requires prisoners to fully exhaust administrative remedies in any suit challenging prison conditions.  Porter, 534 U.S. at 524.  The PLRA contains no futility exception that would excuse a failure to exhaust and a district court lacks the authority to otherwise excuse compliance with the exhaustion requirement.  A plaintiff must exhaust all administrative remedies properly in a manner that complies with procedural rules.  See Woodford, 126 S. Ct. at 2386 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural because no system can function effectively without imposing some orderly structure on the course of its proceedings").  Thus, any procedural default, such as a late or improper filing, bars the prisoner from bringing suit in federal court unless equitable considerations warrant review of the claim.   An administrative remedy may be found to be unavailable if prison authorities prevent a prisoner from proceeding with the inmate grievance process.  See, e.g., Camp v. Brennan, 219 F.3d 279, 280-81 (3d Cir. 2000); Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002).

The Third Circuit has held the exhaustion requirement in the PLRA applies to a grievance procedure set forth in an inmate handbook not formally adopted by a state administrative agency.

6

Concepcion v. Morton, 306 F.3d 1347, 1348-49 (3d Cir. 2002). The NJSP Handbook extensively details the Administrative Remedy procedure, including how to acquire, fill out, and submit ARFs after they are completed. Moreover, the NJSP Handbook provides that the purpose of the ARFs is to serve as "the final step in resolving grievances problems or concerns within the Institution before applying to the courts." Smith Aff., Ex. A (emphasis added). In order to fully exhaust the administrative remedies afforded to prisoners incarcerated at NJSP, a prisoner must complete and submit a form properly, from which a thirty-day period for processing may elapse before a response is given to the prisoner. Id. Once a prisoner receives a response to his ARF, he has exhausted the administrative remedies at his disposal regarding his grievance. Id.

In the instant matter, Defendant contends that Plaintiff never filed an ARF regarding his thirty-day loss of recreation privileges. In support of his motion, Defendant submits the affidavit of Brenda Smith, an Executive Assistant at NJSP, who avers that she conducted a search of all of the ARFs completed and submitted by Plaintiff. See Smith Aff., Ex. B. She swears that the search yielded eight ARFs, none of which concern the alleged punishment at issue here. See Smith Aff., Ex. B. While Plaintiff alleges in his complaint that on January 23, 2004 he submitted an ARF regarding his loss of recreation time, see Compl. ¶ 4(b), not one of the eight ARFs provided by Defendant bear that date or are related to Plaintiff's loss of recreation time, id. At Plaintiff's deposition, which occurred subsequent to Judge Chesler's Order denying summary judgment, Plaintiff admitted that the January 23, 2004 memorandum that he had called an ARF was actually a handwritten letter and not an official ARF provided by NJSP. Gardner Dep. Tr. at 20:12-25. Plaintiff stated that he intended for the January 23, 2004 letter regarding his loss of recreation time to constitute an ARF because the proper forms were unavailable to him at that

time. Id. at 21:1-11.  However, Plaintiff could easily have filed a proper ARF when it became available because the NJSP Handbook sets no time limit on asserting a grievance through the administrative remedy process.  See Smith Aff., Ex. A.  Moreover, the record reflects that Plaintiff has successfully filed ARFs concerning other grievances that allegedly occurred before and after the sanction at issue here took place.  See Smith Aff., Ex. B.  Thus, in light of Plaintiff's testimony confirming that the memorandum dated January 23, 2004 that he had referred to as an ARF was in fact a handwritten letter, there is no genuine issue of material fact as to whether Plaintiff properly submitted an ARF regarding his loss of recreation time.  In accordance with the Supreme Court's recent decision in Woodford, this Court cannot excuse Plaintiff's failure to properly submit an ARF and comply with NJSP's grievance procedure.  See Woodford, 126 S. Ct. at 2386 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural because no system can function effectively without imposing some orderly structure on the course of its proceedings").  Thus, because Plaintiff failed to properly complete and fill out an ARF regarding the loss of recreation time at issue, he has failed to exhaust all administrative remedies before filing this action with this Court. Accordingly, his claim is barred and summary judgment is appropriate.

**C.** **Personal Involvement**

Even if the Court assumes, arguendo, that Plaintiff had properly exhausted all administrative remedies afforded to him at NJSP, he fails to raise a genuine issue of material fact as to whether Defendant was personally involved in violating his constitutional rights.  Section 1983 imposes "civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of

the United States." Gruenke v. Seip, 225 F.3d 290, 298 (3d Cir. 2000).  The statute, in and of itself, is not a source of substantive rights but provides "a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94 (1989).  In order to assert a § 1983 claim, a plaintiff must allege that the defendant "acting under the color of state law" deprived him of a right secured by the Constitution and laws of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988); Natale v. Camden County Correctional Facility, 318 F.3d 575, 580-81 (3d Cir. 2003).  For liability to attach to a defendant in his individual capacity, he or she "must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981)); see also Sunkett v. Misci, 183 F. Supp. 2d 691, 710 (D.N.J. 2002).  Such personal involvement "can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207-08.

In the instant matter, Plaintiff alleges Defendant "is in charge of the running of the institution, and the oversight of policy practices." Compl. ¶ 4(b).  Specifically, Plaintiff alleges correctional officers extended Plaintiff's loss of recreation time from thirty days to two and a half months and Plaintiff made Defendant aware of this through a letter dated February 3, 2004. Id. ¶ 6.  Nowhere in his Complaint does Plaintiff allege Defendant was personally involved or personally aware of the manner in which the policy was allegedly implemented.  See id.  Plaintiff provides no evidentiary materials that show that Defendant instructed correctional officers to improperly extend Plaintiff's sanctions over a period of two and a half months.  Furthermore, Defendant did not become aware of this conduct until four months after Plaintiff was sanctioned with a thirty-day suspension of his recreation time.  Id.  Plaintiff has failed to

raise a genuine issue of material fact as to whether Defendant was personally involved in directing correctional officers to extend Plaintiff's thirty-day sanction or that Defendant was personally aware of the correctional officers' actions in allegedly extending Plaintiff's sanction. Thus, summary judgment is appropriate on this basis, as well.

### III.   CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment is granted. An appropriate Order will follow. The case is now closed.

S/ Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge

Date: August  10 , 2006